# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 2:11-CV-404 |
| ) | |
| ) | |
| EYE CARE CENTERS OF ) | Jury Trial Demanded |
| AMERICA INC., ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## DEFENDANT HICKORY FARMS INC.'S
## ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

Defendant and Counterclaimant, Hickory Farms Inc. ("Hickory Farms") responds to the allegations of Plaintiffs' First Amended Complaint as follows:

### PARTIES

1. Hickory Farms lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 and therefore denies the same.

2. – 4. The allegations of Paragraphs 2 – 4 are not directed to Hickory Farms and a response is not required. To the extent a response is required by Hickory Farms to Paragraphs 2 – 4, Hickory Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 2 – 4 and therefore denies the same.

5. Hickory Farms denies that it is the named corporation, as Defendant's corporate name differs. Defendant admits that if its correct corporate name was used the remaining information in the paragraph is correct pertaining to the State of Incorporation

1

and the main corporate address for Defendant, but Defendant denies the remaining allegations.

      6. – 42. The allegations of Paragraphs 6 – 42 are not directed to Hickory Farms and a response is not required. To the extent a response is required by Hickory Farms to Paragraphs 6 – 42, Hickory Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 – 42 and therefore denies the same.

## JURISDICTION AND VENUE

      1. Hickory Farms admits that Paragraph 1 of the Jurisdiction and Venue section of the Amended Complaint alleges this is an action arising under the patent laws of the United States, Title 35 of the United States Code, but denies the merits of such action. Hickory Farms also admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Hickory Farms admits that it has a website and has solicited business in the district. However, Hickory Farms denies that its alleged website comprise infringing methods or systems which are at least used in and/or accessible in this forum. Hickory Farms denies the remaining allegations contained in Paragraph 1 of the Jurisdiction and Venue section of the Amended Complaint.

      2. Hickory Farms denies that venue is proper in the Eastern District of Texas. Hickory Farms admits that it has a website that is accessible in this District. Except as expressly admitted, Hickory Farms denies the allegations of Paragraph 2 that are directed to Hickory Farms. To the extent the allegations of Paragraph 2 are directed to other Defendants and a response to those allegations is required, Hickory Farms lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

## COUNT I – PATENT INFRINGEMENT

3. Hickory Farms admits that the '474 patent is entitled "Internet Organizer for Accessing Geographically and Topically Based Information." Hickory Farms denies that the '474 patent issued on July 29, 1999 and that the '474 patent was duly and legally issued. Hickory Farms admits that a copy of the '474 patent was attached as Exhibit A to the First Amended Complaint. Hickory Farms lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and therefore denies the same.

4. The allegations of Paragraph 4 state a legal conclusion regarding claim construction which Hickory Farms denies. Hickory Farms reserves the right to respond to Plaintiffs' asserted claim construction as provided by the Local Rules of this District.

5. – 7. The allegations of Paragraphs 5 – 7 are not directed to Hickory Farms and a response is not required. To the extent a response is required by Hickory Farms to Paragraphs 5 – 7, Hickory Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 5 – 7 and therefore denies the same.

8. Denied.

9. – 45. The allegations of Paragraphs 9 – 45 are not directed to Hickory Farms and a response is not required. To the extent a response is required by Hickory Farms to Paragraphs 9 – 45, Hickory Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 – 45 and therefore denies the same.

46. Hickory Farms denies the allegations of Paragraph 46 that are directed to Hickory Farms. To the extent that the allegations of Paragraph 46 are directed to other Defendants, Hickory Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore denies the same.

47. Hickory Farms denies the allegations of Paragraph 47 that are directed to Hickory Farms. To the extent that the allegations of Paragraph 47 are directed to other Defendants, Hickory Farms lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore denies the same.

### PRAYER FOR RELIEF

Hickory Farms denies that Plaintiffs are entitled to any relief or remedy from Hickory Farms, including any of the relief sought in Plaintiffs' Prayer for Relief.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

48. Plaintiffs' claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Noninfringement)

49. Hickory Farms does not infringe and has not infringed any valid and enforceable claim of the '474 patent.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

50. The claims of the '474 patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
(Laches, Waiver, or Estoppel)

51. Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE
(Limitation on Damages - Time)

52. Any award of damages to Plaintiffs is limited by 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
(Limitation on Damages – Notice)

53. Any award of damages to Plaintiffs is limited by 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

54. Plaintiffs are barred from asserting the '474 patent under the doctrine of unclean hands.

## RESERVATION OF AFFIRMATIVE DEFENSES

55. Hickory Farms reserves the right to supplement and assert additional affirmative defenses.

## COUNTERCLAIMS
(Declaratory Judgment of Noninfringement and Invalidity of the '474 Patent)

## NATURE OF ACTION AND JURISDICTION

1. This is an action for declaratory judgment where there is a case and controversy relating to whether Hickory Farms infringes the '474 patent. Hickory Farms has denied Plaintiffs' allegations that Hickory Farms has infringed or is infringing the '474 patent. Hickory Farms contends, among other things, that it has not infringed and is not infringing the '474 patent, and that the '474 patent is invalid and/or unenforceable. Hickory Farms seeks, therefore, a declaratory judgment that it has not infringed the '474 patent and that the '474 patent is invalid, unenforceable and/or void. The counterclaims arise under the Patent Laws of the United States 35 U.S.C. § 1, et. seq. This Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

## THE PARTIES

2. Counterclaimant Hickory Farms, Inc. is a corporation organized under the laws of Delaware with a principal place of business located at 1505 Holland Road, Maumee, OH 43537.

5

3. Upon information and belief, GeoTag, Inc. is a Texas corporation with a place of business in Plano, Texas. Upon information and belief, GeoTag Inc. is a Delaware Corporation with a place of business in Plano, Texas and was merged into GeoTag, Inc.

## VENUE

4. Although Hickory Farms does not concede that venue is proper in this District with respect to the action brought by Plaintiffs, if the action remains in this District, venue on Hickory Farms's counterclaims are proper in this District under 28 U.S.C. §§ 1391 and 1400 because Plaintiffs allege that their place of business is located in this District.

## COUNT I
(Declaration of Non-Infringement of the '474 Patent)

5. The allegations of paragraphs 1 through 4 are incorporated by reference as if stated fully herein.

6. An actual and judiciable controversy exists between Hickory Farms and Plaintiffs regarding infringement of the '474 patent.

7. Hickory Farms has not infringed and is not infringing any claims of the '474 Patent.

8. Hickory Farms requests entry of a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that Hickory Farms has not infringed and is not infringing the '474 Patent.

## COUNT II
(Declaration of Invalidity of the '474 Patent)

9. The allegations of paragraphs 1 through 4 are incorporated by reference as if stated fully herein.

10. An actual and judiciable controversy exists between Hickory Farms and Plaintiffs regarding the validity of the '474 patent.

11. The claims of the '474 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. Hickory Farms requests entry of a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 that the '474 Patent is invalid, unenforceable and/or void under 35 U.S.C. §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Hickory Farms, Inc. respectfully requests that this Court enter a judgment in favor of Hickory Farms:

(a) Dismissing Plaintiffs' First Amended Complaint with prejudice;

(b) Declaring Hickory Farms has not infringed and is not infringing any claim of the '474 patent;

(c) Declaring that the claims of the '474 patent are invalid, unenforceable, and/or void under 35 U.S.C. §§ 101, 102, 103 and/or 112;

(d) Awarding Hickory Farms the costs of this action against Plaintiffs;

(e) Finding the case is exceptional and awarding Hickory Farms its reasonable attorney fees under 35 U.S.C. § 285;

(f) Granting Hickory Farms such additional and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Hickory Farms, Inc. demands a trial by jury on all issues triable to a jury in this case as a matter of right.

DATED: April 23, 2012		Respectfully submitted,

		*/s/ Trey Yarbrough*
		Trey Yarbrough
		Bar No. 22133500
		Debby E. Gunter
		Bar No. 24012752
		YARBROUGH ♦ WILCOX, PLLC
		100 E. Ferguson St., Ste. 1015
		Tyler, TX 75702
		(903) 595-3111
		Fax: (903) 595-0191
		trey@yw-lawfirm.com
		debby@yw-lawfirm.com

		Burton S. Ehrlich
		John Luther
		Ladas & Parry LLP
		224 S. Michigan Avenue
		Chicago, IL 60604
		(312) 427-1300
		Fax: (312) 427-6668

		Attorneys for Defendant, Hickory Farms, Inc.

### Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 23rd day of April, 2012. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

		*/s/ Trey Yarbrough*
		Trey Yarbrough

8